UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANINE DOUGLAS KING and
STEVEN ELTON KING,

    Plaintiffs,

v.

STATEBRIDGE COMPANY, LLC;
PONTUS INVESTMENT PORTFOLIO
I, LLC; and DOES 1 through 50,

    Defendants.

No. 2:17-cv-00459-MCE-CKD

**ORDER**

Plaintiffs filed this breach of contract action in the Sacramento County Superior Court on January 31, 2017. On March 1, 2017, Defendants removed the action to this Court, ECF No. 1, and a week later filed a Motion to Dismiss, ECF No. 4. That motion was set for hearing on April 6, 2017. In accordance with Eastern District of California Local Rule 230(c), Plaintiffs were required to file an opposition or a statement of non-opposition by March 23, 2017. They failed to do so, and the Court issued a Minute Order on March 31, 2017, ordering Plaintiffs to show cause in writing within ten days why the case should not be dismissed with prejudice. ECF No. 6. The Court warned that "[a]bsent sufficient justification for Plaintiffs' failure to adhere to the Local Rules, this action will be dismissed." Id. Plaintiffs responded to the order on April 10, 2017. ECF No. 7.

1

Plaintiffs' counsel Marc Applbaum of the Kettner Law Corporation blames his failure to adhere to the Local Rules on his paralegal leaving the position in his office on April 3, 2017. Resp. to Order to Show Cause ("OSC"), at 2. He further claims that it was only "[u]pon going through the documents on her desk to prepare for her replacement [that] we discovered this calendaring error."[1] Id. at 3. He also states that once he discovered a deadline had been missed, he "took steps to correct the excusable oversight." Id. at 2.

First, the Court notes that as the attorney of record on this action, Applbaum is the one ultimately responsible for ensuring that the Local Rules are complied with, not his paralegal. Vaughn v. State Bar, 6 Cal. 3d 847, 857 (1972) ("[E]ven though an attorney cannot be held responsible for every detail of office procedure, he must accept responsibility to supervise the work of his staff."). Second, the response to the OSC is replete with errors and fails to adequately explain the circumstances surrounding the missed deadline. For example, it claims that "Plaintiff[s] and Defendants were in the process of settlement negotiations," Resp. to OSC, at 3–4, and cites to Applbaum's concurrently filed declaration as support, but the declaration makes no mention of settlement. The response specifically cites paragraph 5, but the attached declaration only includes paragraphs one through four (and was oddly filed between pages three and four of the response). The response also inexplicably focuses on Applbaum assuming that service on Defendants was effective. See Resp. to OSC, at 2. But sufficiency of service on Defendants was never at issue in this case, nor would it be relevant to Plaintiffs' failure to respond to Defendants' motion to dismiss for failure to state a claim and failure to join a necessary party.[2]

---

[1] Though the veracity of this statement has no impact on the Court's analysis, the Court notes that this assertion is difficult to believe. The Court's minute order was issued on March 31, 2017, and Applbaum was sent an email notification through the Court's CM/ECF system. It is not clear why Applbaum would have become aware of this email only by looking through the papers found on his former paralegal's desk.

[2] The Response also bizarrely claims that Defendants filed an answer, at one point claiming they did so on March 3, 2017, and later claiming they did so on July 21, 2015. Resp. to OSC at 2–3. Defendants have not filed an answer and no documents of any kind were filed on March 3, 2017 (or on

Finally, Applbaum's excuses are conclusory and devoid of any detail. He claims that he "took steps to correct the excusable oversight," Resp. to OSC, at 2, but does not say what those steps were. Indeed, to date no opposition has been filed. And that is not to mention his assumption that the oversight was excusable. The Court ordered him to provide sufficient justification to demonstrate that his oversight was excusable, not to dictate the propriety of his errors to the Court. He has failed to do what the Court ordered.

Because Plaintiffs have not shown that their failure to adhere to the Local Rules was justified, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: April 28, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

July 21, 2015).

3